UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES M. COOPER, HEATHER K. COOPER,

    Plaintiffs,

    v.

THOR MOTOR COACH, INC., RELIABLE IMPORTS & MOTORHOMES, LLC, BANK OF THE WEST,

    Defendants.

Case No. 3:20-CV-832 JD

## OPINION AND ORDER

Plaintiffs Charles and Heather Cooper purchased a new 2020 Thor Tuscany from Defendant Reliable Imports & Motor Homes, LLC ("Reliable Imports") in July 2019 for the total cost of $666,000.00, including finance charges. [DE 1 ¶¶ 8–9]. The sales contract for the RV was presented to the Coopers at Reliable Imports' dealership and it was executed there. Thor Motor Coach, Inc. ("Thor Motor") is a warrantor of the RV that the Coopers purchased. *Id.* ¶ 2. The contract of sale for the RV was assigned to Bank of the West. *Id.* ¶ 10. The Coopers allege that when the RV was delivered it "was defective in materials and workmanship, with such defects being discovered within the warranty periods." *Id.* ¶ 16. The defects, which included but not limited to water leaks and sewage defects, have substantially impaired its use, value, and safety. *Id*. ¶¶ 16–18. The attempted repairs of the RV under agreed upon warranties have been unsuccessful. The Coopers are alleging a violation of the Magnuson-Moss Warranty Act and breach of express and implied warranties and/or contract against each of the Defendants in addition to a lender liability claim asserted against Bank of the West. The Coopers are seeking

both economic and actual damages, attorneys' fees and costs, as well as rescission of the RV sales contract.

Reliable Imports and Bank of the West moved to dismiss the action against them for lack of personal jurisdiction, both general and specific, under Rule 12(b)(2). [DE 13; 17]. The Coopers filed a response, opposing the motions to dismiss, but alternatively supporting the transfer of the actions against Reliable Imports and Bank of the West to the United States District Courts in Texas, Missouri, or California. [DE 21]. Neither Defendant filed a reply. For the reasons stated below, the Court grants the motions to dismiss.

## I. STANDARD OF REVIEW

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move to dismiss for lack of personal jurisdiction. Once a defendant moves to dismiss on that basis, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). To that end, the parties may submit, and a court may consider, materials outside of the pleadings. *Id.* In ruling on such a motion, a court must first determine whether the plaintiff has made out a *prima facie* case of personal jurisdiction. *Id.*; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). At that stage, a court must "take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *Purdue*, 338 F.3d at 782. If the plaintiff meets that initial burden but there are material factual disputes, the Court must then hold an evidentiary hearing, at which point the plaintiff must prove any facts supporting jurisdiction by a preponderance of the evidence. *Hyatt*, 302 F.3d at 713.

### III. DISCUSSION

Both Reliable Imports and Bank of the West assert that this Court lacks personal jurisdiction over them and therefore must dismiss the suit against them under Rule 12(b)(2). As an initial matter, there is a high bar for asserting general jurisdiction over a defendant. *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015). General jurisdiction is 'all-purpose' and exists "only when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A defendant is "essentially at home" in the forum state when a defendant corporation is incorporated or has its principal place of business within the state. *See Kipp*, 783 F.3d at 698. This standard is rigorous because "the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *NExTT Sols., LLC v. XOS Techs., Inc.,* 71 F. Supp. 3d 857, 861 (N.D. Ind. 2014) (quoting *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 426 (7th Cir. 2010)).

The general jurisdiction bar established by the Supreme Court rulings in *Goodyear* and *Daimler* is high and the Coopers have not met that bar for establishing general jurisdiction over Reliable Imports and Bank of the West. Reliable Imports was incorporated in the state of Delaware and its principal place of business is located in Missouri. [DE 14 at 3]. It operates a single dealership in Springfield, Missouri. *Id.* Bank of the West was incorporated in the state of California and its principal place of business is also located in California. [DE 18 at 2]. It operates banking locations and branches across the western half of the country, and it does not

3

operate any banking location or branch within the state of Indiana. *Id.* A corporation's principal place of business is a paradigm base for finding general jurisdiction. *Daimler*, 571 U.S. at 137. Further, the Coopers have not asserted any facts or argument challenging the lack of general jurisdiction over these Defendants. Therefore, the Court cannot find that it has general jurisdiction over Reliable Imports and Bank of the West.

But the analysis under personal jurisdiction does not end there as the Court may also find that it has specific jurisdiction over a defendant. Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n.8 (1984). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The "constitutional touchstone" for specific jurisdiction "remains whether the defendant purposefully established 'minimum contacts' in the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum . . . ." *Id*. at 472. The defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, (1945) (quotation omitted); *see also RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1277 (7th Cir. 1997). Finally, the Seventh Circuit has stated that specific jurisdiction is found where:

> (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the

state; (2) the alleged injury arises out of the defendant's forum-related activities; and (3) the exercise of specific jurisdiction comports with traditional notions of fair play and substantial justice.

*See Felland v. Clifton,* 682 F.3d 665, 673 (7th Cir. 2012) (internal citations omitted).

Here, the Coopers do not argue that the Court has specific jurisdiction over Reliable Imports and Bank of the West, but rather simply argues their well-pled complaint should not be dismissed under the standard of Rule 12(b)(6), which is not the relevant standard to the instant motions. The Court notes the Coopers have waived any argument establishing jurisdiction by failing to discuss the personal jurisdiction of Reliable Imports and Bank of the West in any capacity, aside from summarizing their motions to dismiss. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) ("It is a well-established rule that arguments not raised to the district court are waived on appeal."). The Coopers also assert the Court may transfer the case to a proper venue. Both Defendants have submitted affidavits supporting the Court's lack of specific jurisdiction and these facts have not been disputed by the Coopers. [DE 14-1; 18-1]. Reliable Imports and Bank of the West assert that none of the causes of action or allegations against them relate in any way to conduct or activity that occurred in the state of Indiana. The Coopers do not challenge this or argue facts to the contrary. The burden to prove specific jurisdiction is on the non-movants and the Coopers have failed to meet that burden. *Purdue*, 338 F.3d at 782. Therefore, the Court finds that it does not have specific jurisdiction over Reliable Imports and Bank of the West.

In their response, the Coopers reference that they would be agreeable to stipulate to transfer the actions against Reliable Imports and Bank of the West, however, no such stipulation has been filed. Further, the Coopers indicate that counsel for the Defendants have advised Plaintiffs' counsel that he will prepare the motion to transfer, however, again, no such motion

5

has been filed. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Coopers argue that dismissal is improper when claims can be transferred to a court of proper venue. However, the Court has discretion as to whether to transfer or dismiss the claims against Reliable Imports and Bank of the West. *See Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 608 (7th Cir. 2003) (finding the district court's dismissal, rather than transfer, was proper). Given the parties inconclusive position on transferring venue, the Court declines to transfer the claims against these two Defendants to one of the three district courts in question.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS the motions to dismiss and dismisses Reliable Imports & Motor Homes, LLC and Bank of the West from this suit. [DE 13; 17]. The action remains against Thor Motor Coach, Inc.

SO ORDERED.

ENTERED: April 14, 2021

                                                   /s/ JON E. DEGUILIO
                                                   Chief Judge
                                                   United States District Court